## CITY OF BELTON v. BROWN-CRUMMER INV. CO.

(Circuit Court of Appeals, Fifth Circuit. January 26, 1927.)

No. 4750.

1. **Municipal corporations** ⬅⟿903—**Funding warrants are prima facie valid, and burden of proving contrary is on city.**

Funding warrants issued by city are prima facie valid, and burden is on city to prove that recitals· therein, and in ordinances authorizing them, are untrue.

2. **Municipal corporations** ⬅⟿905—**City council's loose-leaf minute book held not to overcome presumption and evidence of authority to issue warrants.**

That loose-leaf minute book of city council, shown to .have been poorly kept, failed to disclose authority, by ordinance or resolution, for issuance of warrants, was insufficient to overcome. prima facie presumption of regularity attaching to warrants and positive evidence of city officials that warrants were authorized by ordinance or resolution.

3. **Municipal corporations** ⬅⟿86—**Whether ordinance authorizing paving warrants was adopted at regular or special meeting, attended by all members of council, held immaterial.**

It was immaterial on issue of validity of paving warrants whether ordinance authorizing warrants was adopted at regular or special meeting of city council, where all members of council were present and participated in its adoption.

4. **Courts** ⬅⟿359—**City's power to issue paving warrants because of debt limitation is determinable by state laws.**

Whether city was without power to issue paving warrants because it had already exceeded limit of its bonded indebtedness is to be determined by state laws.

5. **Courts** ⬅⟿366(8)—**Decision of highest state court that city had not exceeded its bonded indebtedness when paving bonds were issued will be accepted by federal court (Vernon's Sayles' Ann. Civ. St. Tex. 1914, art. 1096d).**

Decision of Texas Supreme Court that city had not exceeded its limit of bonded indebtedness when it issued paving warrants under Vernon's Sayles' Ann. Civ. St. Tex. 1914, art. 1096d, will be accepted by the federal court.

Appeal from the District Court of the United States for the Western District of Texas; Charles A. Boynton,.Judge.

Suit by the Brown-Crummer Investment Company against the City of Belton. Decree for plaintiff, and defendant appeals   Affirmed.

W. W. Naman, of Waco, Tex., and Clem C. Countess, of Belton, Tex. (Spell, Naman & Penland, of Waco, Tex., on the brief), for appellant.

John Maxwell, of Waco, Tex., and W. P. Dumas, of Dallas, Tex. (James G. Martin, of Wichita, Kan., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. The city of Belton, Tex., issued several series of funding warrants, for the purpose of taking up and retiring outstanding original warrants of equal amounts issued to defray current expenses, and one series of original paving warrants. At the suit of a holder of several warrants of each series and class, the trial judge held that the warrants were valid and binding obligations of the city, and entered judgment for the plaintiff. The city assigns error, and contends:

First, that the funding warrants were not shown to be valid, because the proof failed to show that the original warrants, upon which the funding warrants were based, were duly authorized, or issued for a proper purpose, or that provision had been made for their payment. The warrants which plaintiff held were received in evidence, and they purport to be "for the purpose of funding an equal amount of warrants of said city heretofore duly and·legally issued for current expense purposes." The ordinances under which they were issued contain like representations, and recite that all conditions and things required to be done "have been properly done and performed." There was evidence for the city to the effect that its minute books fail to disclose authority, either by ordinance or resolution, for the issuance of the original warrants; but, as against this, it was shown that the minutes were poorly kept in a loose-leaf book, and city officials testified that ordinances or resolutions, authorizing the original warrants, were in fact adopted.

Second, that the paving warrants were invalid, because, (a) the ordinance under which they were issued purports to .have been adopted at a regular meeting of the city council on June 30, 1921, whereas a rule of the city council provided that regular meetings should be held on the second Wednesday of each month; and (b) the city, prior to the issuance of such warrants, had already exceeded

the limit ·of bonded indebtedness authorized by its charter and the laws of Texas. The minutes show that all members of the city council were present and voted for the ordinance under which the paving warrants, ag-·gregating $30,000, were issued.

[1, 2] The funding warrants were prima facie valid. The burden was on the city to prove that recitals contained in them and in the ordinances which authorized them were untrue. This well-established rule of law was recognized and applied in a similar suit against the same city by the Court of Civil Appeals and the Supreme Court of Texas. See City of Belton v. Harris Trust & Savings Bank (Tex. Civ. App.) 273 S. W. 914, and (Tex. Com. App.) 283 S. W. 164. The loose-leaf minute book, especially in its poorly-kept condition, was insufficient to overcome the prima facie presumption of regularity which attached to the warrants and the positive evidence of city officials to the effect that the warrants were authorized by ordinance or resolution.

[3] It can make no difference whether the ordinance authorizing the paving warrants was adopted at a regular or a special meeting of the council, in view of the proof that all the members of the council were present and participated in its adoption.

[4, 5] The question whether the city was without power to issue the paving warrants because it had already exceeded the limit of its bonded indebtedness is to be determined by the laws and Constitution of Texas. In the case of City of Belton v. Harris Trust & Savings Bank, supra, the provisions of the city's charter which are here involved, and the statutes that control it, are fully discussed, and the conclusion is reached that the Home Rule Enabling Act (article 1096d, Vernon's Sayles' Revised Statutes of 1914), under the provisions of which the limit of indebtedness had not been reached, had been adopted by the city charter, and was controlling. On this question we accept the construction of the courts of Texas.

The judgment is affirmed.