TYLER COUNTY, TEX., et al. v. BRANCH-MIDDLEKAUFF INV. CO. et al.

Circuit Court of Appeals, Fifth Circuit.
July 5, 1927.

No. 4962.

1. Counties ⟐166—Recitals in county warrants held prima facie evidence of regularity and validity of proceedings antedating issuance.

Recitals in county warrants, that all acts, conditions, and things required to be done precedent to and in the issuance of such warrants have been properly done, happened, and performed, are prima facie evidence of the regularity and validity of all proceedings antedating issuance of the warrants.

2. Estoppel ⟐62(3)—Recital in warrants held to estop county to urge irregularities in issuance of warrants as defense to action thereon.

Recital in county warrants, that all acts, conditions, and things required to be done precedent to and in the issuance of such warrants had been properly done, happened, or performed, *held* to estop county to urge irregularities in defense of action on warrant.

3. Municipal corporations ⟐902—Texas municipality may issue funding warrants and sell them at discount.

A Texas municipal corporation may issue funding warrants for the purpose of taking up existing obligations and sell them at a discount.

4. Usury ⟐42—Issue of county refunding warrants held not usurious.

County refunding warrants, carrying interest at 7 per cent. and discount of 14 per cent., *held* not usurious, taking the issue as a whole.

In Error to the District Court of the United States for the Eastern District of Texas; W. Lee Estes, Judge.

Action by the Branch-Middlekauff Investment Company and another against Tyler County, Tex., and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

Oswald S. Parker, of Beaumont, Tex., for plaintiffs in error.

Chester I. Long and Austin M. Cowan, both of Wichita, Kan., and S. M. King, of Beaumont, Tex. (J. C. Jackson, of Beaumont, Tex., on the brief), for defendant in error Branch-Middlekauff Inv. Co.

Alex F. Weisberg, of Dallas, Tex., and John L. Hunt, of Topeka, Kan. (Thompson, Knight, Baker & Harris, of Dallas, Tex., and Wheeler, Brewster & Hunt, of Topeka, Kan., on the brief), for defendant in error Shawnee Inv. Co.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In June, 1921, on account of the suspension of the Tyler County State Bank, county depository, Tyler county, Tex., had no cash in its treasury with which to pay outstanding obligations and current expenses, its credit was destroyed, and some of its outstanding warrants were selling as low as 25 cents on the dollar. In this situation the county judge endeavored to interest a number of parties in the purchase of refunding warrants, and finally entered into an agreement with H. C. Burt & Co., by which the latter agreed to buy $50-000, par value, general funding warrants, and $30,000, par value, road and bridge funding warrants, at a discount of 14 per cent. and interest at 7 per cent. The warrants were issued, amounts of $1,000, due at future dates, at 6 per cent. interest, payable semiannually, payable to bearer.

The funding warrants were dated July 10, 1922, and matured on April 1st as follows: $1,000, 1923; $2,000, 1924; $2,000, 1925; $2,000, 1926; $3,000, 1927; $3,000, 1928; $3,000, 1929; $3,000, 1930; $4,000, 1931; $4,000, 1932; $4,000, 1933; $4,000, 1934; $5,000, 1935; $5,000, 1936; and $5,000, 1937. The road and bridge funding warrants were also dated July 10, 1922, and matured on April 1st as follows: $1,000, 1928; $1,000, 1929; $1,000, 1930; $1,000, 1931; $1,000, 1932; $1,000, 1933; $1,000, 1934; $2,000, 1935; $2,000, 1936; $2,000, 1937; $2,000, 1938; $3,000, 1939; $4,000, 1940; $4,000, 1941; $4,000, 1942.

A warrant was issued covering the difference between 6 and 7 per cent. as agreed on. The warrants contained a certificate in the following form: "And it is hereby certified and recited that all acts, conditions, and things required to be done, precedent to and in the issuance of this warrant, have been properly done, have happened and been performed, in regular and due time, form, and manner, as required by law, and that the total indebtedness of said county, including this warrant, does not exceed any constitutional or statutory limitation, and that provision has been made for the levying of taxes annually for the payment of principal and interest of this warrant, and all other warrants of this series, as they respectively mature."

The warrants were sold by Burt & Co. on the open market. Some were purchased by the Branch-Middlekauff Investment Company and some by the Shawnee Investment Company at 90 to 93 per cent. of par and accrued interest. On March 16, 1923, after a change of administration, the county court entered an order repudiating the entire issue of warrants, but nevertheless, thereafter, warrant No. 1 of each issue and interest coupons from other warrants were paid by the county. On October 1, 1923, the county court again entered an order repudiating the warrants and thereafter declined to make any further payments. The Branch-Middlekauff Investment Company brought suit in equity on January 11, 1926, to recover on certain past due warrants and coupons for interest. On January 13, 1926, the Shawnee Investment Company filed a similar suit. These two cases were transferred to the law side, were consolidated for trial, and were heard on the same evidence. At the conclusion of the evidence the court directed a verdict in favor of the Branch-Middlekauff Investment Company for $10,681.20, and in favor of Shawnee Investment Company for $11,700, both with interest at 6 per cent. per annum. There are various assignments of error, but those running to the action of the court in directing a verdict for plaintiffs are the only ones that need be considered.

[1, 2] There is no doubt that the contract was made in perfect good faith, that the county received what Burt & Co. contracted to pay, and that it was applied to liquidating valid debts. Furthermore, if there were any irregularities in the issuance of the warrants in suit, that has not been shown by the record, nor does it appear that the county has exceeded its taxing power to provide for their payment. It is shown without contradiction that the defendants in error had no knowledge of any irregularities and relied upon the recitals in the warrants in making the purchases. Those recitals were prima facie evidence of the regularity and validity of all proceedings antedating the issuance of the warrants. City of Belton v. Brown-Crummer Inv. Co. (C. C. A.) 17 F.(2d) 70. Furthermore, the county would be estopped to urge any irregularities in this case. Slayton v. Panola County (D. C.) 283 F. 330; Payne v. First Nat. Bank of Columbus (Tex. Com. App.) 291 S. W. 209; Scott County v. Advance-Rumley Thresher Co. (C. C. A.) 288 F. 739, 36 A. L. R. 937.

[3] It has been repeatedly held that a Texas municipal corporation may issue funding warrants for the purpose of taking up existing obligations and sell them at a discount. Slayton v. Panola County, supra; City of Tyler v. Jester & Co., 97 Tex. 344, 78 S. W. 1058; Grimes County v. Slayton & Co. (Tex. Civ. App.) 262 S. W. 209; City of South Houston v. Carman (C. C. A.) 6 F.(2d) 358.

[4] Plaintiff in error urges that in this case the discount was so great as to make the obligations usurious, and therefore void. This contention is without merit. The legal contractual rate of interest in Texas is 10 per cent. per annum. In this case, treating the contract as covering both issues, it is apparent by a very simple, though somewhat tedious, calculation that the discount of 14 per cent., combined with 7 per cent. interest on the par value of the warrants, would not exceed 10 per cent. per annum on the total amount of money received by the county from the sale of the warrants, considering the maturity of the warrants and applying the discount proportionately to each warrant. See Shropshire v. Commerce Farm Credit Co. (Tex. Civ. App.) 266 S. W. 612.

We find no error in the record.

Affirmed.