## TYLER COUNTY, TEX., et al. v. TOWN.*

Circuit Court of Appeals, Fifth Circuit.
January 20, 1928.

No. 5128.

1. **Counties** &⇒167—**Irregularities preceding issuance of warrants cannot avail county against purchaser, relying on their recital of everything required being done.**

Irregularities preceding issuance of county warrants, as letting contract without advertising and competitive bidding, and change in the inscription of the warrants in the county records to make it conform to the warrants, cannot avail the county against a purchaser in the open market, who had no knowledge of irregularities, and who relied on their recital that all acts, conditions, and things required to be done precedent to and in their issuance had been properly done, happened, or performed.

2. **Courts** &⇒342—**Notwithstanding state practice, legal and equitable causes may not be joined in one suit in federal court.**

Though state practice permits the commingling of legal and equitable causes in one suit, in which the court may give such relief as the facts would seem to warrant, this cannot be done in federal court.

3. **Mandamus** &⇒109—**Mandamus to compel payment of warrants cannot issue, except in aid of previously acquired jurisdiction, and after failure of ordinary methods of execution.**

Court sitting in equity has no jurisdiction to issue writ of mandamus to compel payment of warrants, that being an extraordinary legal remedy, nor would it have jurisdiction to issue the writ at law, except in aid of jurisdiction previously acquired, and after failure of the ordinary methods of execution.

4. **Injunction** &⇒88, 194—**Equity can enjoin threatened diversion of funds pledged to payment of disputed warrants, and incidentally determine their validity and give money judgment.**

While it would be more regular to bring action at law on county warrants, in which their validity, denied by the county, could be estab-

*Rehearing denied March 3, 1928.

lished, and money judgment awarded, equity has jurisdiction to prevent threatened dissipation or diversion of the fund alleged to have been created for and pledged to their payment, and, having so acquired jurisdiction, can decide every material question involved, and award money judgment for amount of warrants and interest.

**5. Courts ⊜⇒328(9)—To make up jurisdictional amount for federal court in suit based on warrants, amount of their matured interest coupons may be added.**

The interest coupons on warrants which are the subject of suit, being matured, and so separate enforceable obligations, the amount thereof may be added to the amount of the warrants to make up the jurisdictional amount of the federal court.

**6. Appeal and error ⊜⇒1152—Improper inclusion of mandamus in decree held not to require anything more than amendment on appeal (Jud. Code, § 269, as amended by Act Feb. 26, 1919 [28 USCA § 391]).**

The improper inclusion of writ of mandamus, in decree properly awarding injunction and judgment for amount of warrants, may be treated as purely technical, and not affecting the substantial rights so that, under Judicial Code, § 269, as amended by Act Feb. 26, 1919 (28 USCA § 391), it may on appeal be disregarded, otherwise than by amendment.

Appeal from the District Court of the United States for the Eastern District of Texas; W. Lee Estes, Judge.

Suit by F. P. Town against Tyler County, Tex., and others. From a decree for plaintiff, defendants appeal. Amended and affirmed.

Oswald S. Parker, of Beaumont, Tex., for appellants.

C. A. Teagle, of Houston, Tex. (Hunt, Teagle & Moseley, of Houston, Tex., on the brief), for appellee. ·

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Appellee, a citizen of Michigan brought suit in equity against Tyler county, a Texas municipal corporation, and various officers of said county, all citizens of Texas, to recover on six warrants, each of the face value of $500, and on certain interest coupons attached thereto, aggregating $165, issued by the said county and denominated "Tyler county road and bridge warrants."

The material allegations of the bill are that Tyler county had entered into a contract with the Bexar Construction Company for the building of certain roads, bridges, and culverts for $90,000; that the work was completed and accepted, and warrants to that amount had been issued in payment of same;

that a tax of 15 cents on the $100 of the assessed valuation of taxable property in the county had been lawfully levied, assessed and collected for road and bridge purposes, and 13 cents on the $100 valuation of this had been set aside as a sinking fund for the retirement of said warrants and interest coupons; that a fund of $6,402.89 had been accumulated for that purpose, and the county treasurer would have paid the warrants and coupons in suit, but was prevented by an order of the commissioners' court of the county annulling them and prohibiting their payment; and that it was the intention of the county to divert the funds pledged to the payment of the warrants. The bill prayed for injunctions, temporary and permanent, to prevent the diversion of the fund, and for a writ of mandamus to compel the payment of the warrants. By an amended bill, a money judgment for the amount of the warrants and coupons was also prayed for. A motion to dismiss the original bill was overruled, and eventually a decree was rendered, awarding judgment for $3,082.56, ordering the county judge and commissioners' court to continue levying, assessing, and collecting a sufficient tax for road and bridge purposes to pay the judgment, and, in the event of the judgment not being paid, ordering a writ of mandamus to issue to compel the proper levy of taxes to make payment of the warrants and interest coupons.

Error is assigned to the overruling of the motion to dismiss and to the entering of the decree generally. As it is easier to dispose of the merits than the technical questions presented, we will consider that feature first.

[1] It is shown by the record without dispute that Tyler county entered into a contract with the Bexar Construction Company for certain highway work to the value of $90,000. The work was completed and approved, and the warrants were issued and delivered to the company to the amount of $90,000. The main contention of defendant is that the contract was let without advertisement and without competitive bidding. While this is no doubt true, it is shown that all the other necessary steps were regularly taken by the properly constituted authorities. It is also contended that the inscription of the warrants in the county records had been changed by erasing the original entry to make the interest appear 5½ per cent. per annum, payable semiannually, instead of 5 per cent. payable anually. It is probable that the erasure was to correct an error in the original inscription but that is immaterial. It could not be questioned that the

warrants were issued in good faith for value and the inscription, as it now appears conforms to the provisions of the warrants. Further the warrants contain the following provision:

"The date of this warrant, in conformity with the order above mentioned, is October 1, 1916, and it is hereby certified and recited that all acts, conditions, and things required to be done precedent to and in the issuance of this warrant, have been properly done, happened, and performed, in regular and due time, form, and manner, as required by law, and that the total indebtedness of said county, including this warrant, does not exceed the constitutional or statutory limitation."

Plaintiff testified without contradiction that he bought the warrants on the open market at a premium over par, that he had no knowledge of any infirmities in the warrants or irregularities in the letting of the contract, and relied upon the above-quoted provision. It is clear that defendant cannot at this late date avail itself of the irregularities relied on. Presidio County v. Noel-Young Bond Co., 212 U. S. 58, 29 S. Ct. 237, 53 L. Ed. 402; Tyler County v. Branch-Middlekauff Inv. Co. (C. C. A.) 20 F.(2d) 504; City of Gainesville v. Brown-Crummer Inv. Co. (C. C. A.) 20 F.(2d) 497.

[2] Evidently the parties and the court were misled into believing that the prosecution of the case was governed by the Texas practice, which permits the commingling of legal and equitable causes in one suit, in which the court may give such relief as the facts would seem to warrant. Of course that cannot be done in the federal courts, regardless of the state practice. Scott v. Neely, 140 U. S. 106, 11 S. Ct. 712, 35 L. Ed. 358.

[3] It would have been more regular for the plaintiff to have brought suit at law, in which the validity of the warrants could have been determined and money judgment awarded. In no event would the court sitting in equity have jurisdiction to issue a writ of mandamus, which is one of the extraordinary legal remedies, nor would it have jurisdiction to issue the writ at law, except in aid of jurisdiction previously acquired, and after failure of the ordinary methods of execution. Heine v. Levee Com., 19 Wall. 655, 22 L. Ed. 223; Rosenbaum v. Bauer, 120 U. S. 451, 7 S. Ct. 633, 30 L. Ed. 743.

[4] However, under the allegations of the bill, the court undoubtedly had jurisdiction in equity to prevent the dissipation or diversion of the fund alleged to have been created and pledged to the payment of the warrants. Having so acquired jurisdiction, it could decide every incidental question presented, and could award a money judgment for the amount of the warrants and attached coupons, as was done. Clark v. Wooster, 119 U. S. 322, 7 S. Ct. 217, 30 L. Ed. 392.

[5] The motion to dismiss is somewhat ambiguous. As we construe it, the main contentions are that the court was without jurisdiction at all, because the amount involved did not exceed $3,000, exclusive of interest, and the court was without jurisdiction in equity because a writ of mandamus was prayed for. As the interest coupons had matured and were separate enforceable obligations, they may be added to the amount of the warrants to make up the jurisdictional amount. Edwards v. Bates County, 163 U. S. 269, 16 S. Ct. 967, 41 L. Ed. 155. And while the court had no jurisdiction to issue the writ of mandamus, that is not now important. The other grounds of objection require no discussion. The overruling of the motion to dismiss presents no reversible error.

That part of the decree ordering the county officers to levy, assess, and collect taxes is equivalent to a writ of mandamus. Aside from the want of jurisdiction to so order at the present stage of the case, we will not assume that the authorities of Tyler county will decline to pay the judgment awarded. If they do, or collection cannot be made in the ordinary manner, it will be time enough to consider the issuance of a writ of mandamus.

[6] The conclusion we reach is that while the decree appealed from goes too far, as above indicated, such error as appears may be treated as purely technical, and not affecting the substantial rights of the parties therefore may be disregarded. Section 269, Judicial Code, as amended by the Act of February 26, 1919 (28 USCA § 391). The judgment will be affirmed to the extent of the money judgment awarded, and amended by striking out the fourth and fifth paragraphs, which order the county judge and commissioners' court of Tyler county, and their successors in office, to continue levying, assessing, and collecting a sufficient tax for road and bridge purposes to meet the payment of the judgment, and, in the alternative, ordering a writ of mandamus to issue. The amendment of the judgment will be without prejudice to the right of appellee to hereafter apply to the District Court for such further relief as he may be entitled to.

Amended and affirmed.