22-1078-cr
*United States of America v. Al Fawadi*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand twenty-four.

Present:
>            DEBRA ANN LIVINGSTON,
>                    *Chief Judge*,
>            GERARD E. LYNCH,
>            MYRNA PÉREZ,
>                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

>            *Appellee*,

>    v.                                                        22-1078-cr

CHASIB HAFEDH SADOON AL FAWADI,

>            *Defendant-Appellant*.

_____

For Appellee:                        STEVEN D. CLYMER, Assistant United States Attorney, *on behalf of* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY

For Defendant-Appellant:             PETER J. TOMAO, ESQ., Garden City, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFRIMED.**

Chasib Hafedh Saadoon Al Fawadi ("Al Fawadi") appeals from a judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*), entered on May 12, 2022, sentencing him to 48 months' imprisonment for one count of making false statements on an immigration application in violation of 18 U.S.C. § 1546(a) (the "I-485 Count") and one count of making false statements to a government agency in violation of 18 U.S.C. § 1001(a)(2) (the "Interview Count"). On appeal, Al Fawadi first challenges the district court's application of a two-level sentencing enhancement pursuant to § 3C1.1 of the United States Sentencing Guidelines (the "Guidelines") for obstruction of justice. Second, he contends that the district court erred in applying an upward variance by considering conduct for which he was also convicted and sentenced in state court and conduct for which the Pre-Sentencing Report (the "PSR") did not recommend a variance. Finally, Al Fawadi asserts that his trial counsel was constitutionally ineffective.

Al Fawadi is a citizen of Iraq who, in 2011, joined Asa'ib Ahl al-Haq ("AAH"), an Iranian-backed Shi'ite militia which the State Department has designated as a Foreign Terrorist Organization. In 2015, the United States granted Al Fawadi's application for refugee status, and, in 2016, he entered the country with his family. In 2017, Al Fawadi signed a USCIS Form I-485 (the "I-485") to apply to become a lawful permanent resident of the United States under penalty of perjury, attesting to several materially false statements, including that he had never been a member of a military unit, rebel group, guerilla group, militia, or insurgent organization. On April 9, 2019, Al Fawadi was interviewed under oath by a USCIS official. At that meeting, he confirmed that the statements on the I-485 were true. On October 30, 2019, Al Fawadi was once again

interviewed under oath by a USCIS official and once again confirmed that the statements on the I-485 were true. On September 1, 2020, the FBI interviewed Al Fawadi about his statements on the I-485. During that interview, Al Fawadi initially minimized any involvement with AAH but ultimately admitted such involvement when confronted with evidence of his membership. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss here only insofar as necessary to explain our decision to **AFFIRM.**

## I. Obstruction of Justice

Al Fawadi initially contends that the district court erred in applying a two-level enhancement for obstruction of justice. We review challenges to an obstruction of justice enhancement under a "mixed standard of review," reviewing factual findings for clear error and "the court's ruling that the established facts constitute obstruction" *de novo*. *United States v. Gershman*, 31 F.4th 80, 102 (2d Cir. 2022) (internal quotation marks and citation omitted). Because Al Fawadi did not object to the obstruction of justice enhancement below, we review his unpreserved objections for plain error. *United States v. Haverkamp*, 958 F.3d 145, 148 (2d Cir. 2020). Therefore, we will vacate Al Fawadi's sentence only if he "'demonstrate[s] that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Burden*, 860 F.3d 45, 53 (2d Cir. 2017) (quoting *United States v. Cook*, 722 F.3d 477, 481 (2d Cir. 2013)). For an error to be "plain" it "must be so obvious that 'the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it.'" *United States v. Wagner-Dano*, 679 F.3d 83, 94 (2d Cir. 2012) (quoting *United States v. Frady*, 456 U.S. 152, 163 (1982)).

3

First, Al Fawadi argues that, because the conduct underlying the Interview Count formed both the basis of a count to which he pled guilty and the basis of the enhancement, the district court engaged in impermissible double counting. We disagree. Section 3C1.1 of the Guidelines instructs district courts to increase an offense level by two levels if "the defendant willfully obstructed justice or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and . . . the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense." U.S.S.G. § 3C1.1. Section 3D1.2 explains how to group "closely related counts," where appropriate: "when conduct that represents a count, e.g. . . . obstruction of justice, is also a specific offense characteristic in . . . another count, the count represented by that conduct is to be grouped with the count to which it constitutes an aggravating factor" to prevent "double counting." U.S.S.G. § 3D1.2 cmt. n.5. When such grouping occurs, the offense level for offenses grouped under § 3D1.2(c) will be "enhanced by two levels for obstruction of justice, and . . . the resulting offense level applies unless the offense level for the obstruction offense . . . is greater." *United States v. Fiore*, 381 F.3d 89, 93 (2d Cir. 2004) (citing U.S.S.G. § 3C1.1 cmt. n.8.).

Here, the offense level for the I-485 Count before the application of the obstruction of justice enhancement was thirteen,[1] and the offense level for the Interview Count was less than fifteen, the total of the I-485 Count plus the two-level obstruction of justice enhancement. Accordingly, the district court used the I-485 offense level of thirteen and added two levels for

---

[1] The base offense level for the I-485 Count was eight. It was increased to thirteen due to the specific offense characteristic of committing the offense "to conceal the defendant's membership in . . . a military, paramilitary, or police organization that was involved in a serious human rights offense during the period in which the defendant was such a member." U.S.S.G. § 2L2.2(b)(4)(A); A 120–21.

4

obstruction of justice.[2] No double counting occurred.

Al Fawadi next contends that because his "statements were made to the USCIS prior to the 'investigation, prosecution, or sentencing of the instant offense'" they could not form the basis of the enhancement. Appellant's Br. at 24 (quoting U.S.S.G. § 3C1.1). We have previously held that "obstructive conduct which takes place prior to the start of a federal criminal investigation of the particular offense of conviction can warrant an enhancement under § 3C1.1" where the conduct obstructs the investigation of the instant offense. *United States v. Ayers*, 416 F.3d 131, 134 (2d Cir. 2005). Al Fawadi's conduct prevented the authorities from discovering that the statements made in his immigration application were false, and so properly forms the basis of the obstruction enhancement even if it occurred before the start of the criminal investigation into his immigration offenses.

Third, Al Fawadi argues that the district court made inadequate findings that the purpose of his false statements to USCIS was to obstruct justice. But this claim, too, fails, because the district court did not plainly err in explaining its determination that Al Fawadi intended to obstruct justice. To be sure, "an obstruction of justice enhancement only applies 'if the court finds that the defendant willfully and materially impeded the search for justice in the instant offense.'" *Gershman*, 31 F.4th at 103 (quoting *United States v. Zagari*, 111 F.3d 307, 328 (2d. Cir. 1997)). Willfulness requires that a defendant "consciously act[] with the purpose of obstruction of justice," *United States v. Peterson*, 385 F.3d 127, 139 (2d Cir. 2004) (quoting *United States v. Stroud*, 893 F.2d 504, 507 (2d Cir. 1990)), and, except in cases of inherently obstructive behavior, "the court must make a 'specific finding of intent.'" *United States v. Bradbury*, 189 F.3d 200, 204 (2d Cir.

---

[2] The final offense level was thirteen because Al Fawadi received a two-level reduction for acceptance of responsibility.

5

1999) (quoting *United States v. Reed*, 49 F.3d 895, 901 (2d Cir. 1995)). Assuming *arguendo* that the district court erred by discussing Al Fawadi's obstructive intent only when imposing the upward variance instead of while imposing the obstruction enhancement, Al Fawadi fails to demonstrate that the error was plain. "[W]e do not require the district court to use magic words at sentencing." *United States v. Butters*, 513 F. App'x 103, 106 (2d Cir. 2013). We have stated that a description of the obstructive conduct and a finding that the conduct "was intended to . . . compromise the government's prosecution" constitutes a sufficient finding to impose the obstruction of justice enhancement. *United States v. Woodard*, 239 F.3d 159, 162 (2d Cir. 2001). Here, the district court explained what Al Fawadi's obstructive conduct was—"while under oath, . . . present[ing] materially false statements to United States Citizenship and Immigration Services officials in connection with his application for refugee status and permanent resident status in the United States, and to FBI agents about his membership and association with AAH," A 120—and found that Al Fawadi "intended to hide his past activities" from the FBI, A 122. Although the district court could have linked the intent finding more closely with the obstruction enhancement, failing to do so was not plainly erroneous.

**II.    The Upward Variance**

Subsequent to his April 9, 2019 interview with USCIS, Al Fawadi was arrested for the physical and sexual abuse of his wife, and an order of protection issued in her favor. Al Fawadi later pled guilty to a contempt charge in New York state court for violating that order. Al Fawadi argues that the district court erred by applying an upward variance based, in part, on the conduct underlying the contempt charge for which Al Fawadi was also sentenced in state court and then ordering the sentences to run consecutively. We disagree. "[T]he use of . . . uncharged . . . conduct to enhance the sentence for the charged crime d[oes] not amount to punishment for the uncharged

6

conduct so long as the resulting sentence was within the range authorized for the charged conduct." *United States v. Grisanti*, 116 F.3d 984, 987 (2d Cir. 1997). Because Al Fawadi's sentence of 48 months is well within the statutory maximum for 18 U.S.C. § 1546(a), his sentence does not represent punishment for the contempt conduct. Nor did the district court's consideration of this conduct constitute impermissible double counting. "'Double counting occurs when one part of the guidelines is applied to increase a defendant's sentence to reflect the kind of harm that has already been fully accounted for by another part of the guidelines.'" *United States v. Volpe*, 224 F.3d 72, 76 (2d Cir. 2000) (quoting *United States v. Napoli*, 179 F.3d 1, 12 n.9 (2d Cir. 1999)). Here, Al Fawadi's contempt conduct did not affect his Guidelines calculation, and the district court considered the contempt conduct only when calculating the upward variance, to account for personal characteristics not taken into account by the Guidelines calculation.

Al Fawadi also argues that the district court erred by relying on the facts in the PSR relating to domestic violence but not accepting the PSR's "findings that those facts would not justify either a departure from the guidelines or a non-guidelines sentence." Appellant's Br. at 28. This argument misunderstands the law. The Federal Rules of Criminal Procedure allow the sentencing judge to "accept any undisputed portion of the presentence report as a finding of fact." Fed. R. Crim. P. 32(i)(3)(A). Nothing requires the sentencing judge to accept the conclusions that the PSR draws from the facts within it. The district court did not err in finding that a preponderance of the evidence established that Al Fawadi had engaged in "violent physical and sexual abusive conduct." A 122. Moreover, the district court did not err in considering that fact when applying the upward variance. Accordingly, Al Fawadi has failed to demonstrate that the district court's upward variance was erroneous.

### III.   Ineffective Assistance of Counsel

Al Fawadi contends that his trial counsel was ineffective in his plea negotiations for failing to negotiate how the obstruction of justice enhancement and Al Fawadi's domestic violence would be considered at sentencing. Similarly, Al Fawadi argues that trial counsel was ineffective at sentencing for failing to object to the PSR's recommendation for an obstruction of justice enhancement and its findings on Al Fawadi's domestic violence. He also argues that his trial counsel was ineffective for "fail[ing] to ensure that Mr. Al Fawadi fully understood the plea agreement." Appellant's Br. at 33. We decline, at this juncture, to review these claims.

The Sixth Amendment guarantees the "the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). "Our general approach is to decline to review ineffective assistance claims on direct review without prejudice to a defendant later raising them collaterally under 28 U.S.C. § 2255." *United States v. Bodnar*, 37 F. 4th 833, 844 (2d Cir. 2022). This approach is the preferred method because "when an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose." *Massaro v. United States*, 538 U.S. 500, 504–05 (2003). We will decide the claim in the first instance at the appellate level only if (1) "'the defendant has a new counsel on appeal and (2) argues no ground of ineffectiveness that is not fully developed in the trial record.'" *United States v. Gahagen*, 44 F.4th 99, 107 (2d Cir. 2022) (quoting *United States v. Yauri*, 559 F.3d 130, 133 (2d Cir. 2009)). Further, the "resolution of the Sixth Amendment claim on direct appeal" must be "'beyond any doubt' or 'in the interest of justice.'" *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004) (quoting *United States v. Khedr*, 343 F.3d 96, 100 (2d Cir. 2003)). This is not such a case. Accordingly, Al Fawadi's ineffective assistance claims will not be

reviewed at present but may be raised on collateral review.[3]

* * *

We have considered Al Fawadi's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] In his reply brief, Al Fawadi also raises for the first time that the district court failed to address his request for new counsel. "We generally treat arguments raised for the first time in a reply as waived." *United States v. George*, 779 F.3d 113, 119 (2d Cir. 2015). We see no reason to deviate from this general rule where, as here, the request for new counsel was also abandoned below. *Cf. United States v. Barnes*, 693 F.3d 261, 272 (2d Cir. 2012).