**UNITED STATES of America,**
**Appellee–Cross–Appellant,**

v.

**Frank GRISANTI, a/k/a "Chickie Botts",**
**Defendant–Appellant–Cross–Appellee.**

Nos. 1047, 1048, Dockets 96–1416(L), 96–1459(XAP).

United States Court of Appeals,
Second Circuit.

Argued March 3, 1997.

Decided June 30, 1997.

John P. Pieri, Buffalo, NY, for Defendant–Appellant–Cross–Appellee.

Anthony M. Bruce, Assistant United States Attorney, Western District of New York, Buffalo, NY (Patrick H. NeMoyer, United States Attorney, Western District of New York, Buffalo, NY), for Appellee–Cross–Appellant.

Before: WALKER, McLAUGHLIN, Circuit Judges and CHIN, District Judge.*

WALKER, Circuit Judge:

Defendant Frank Grisanti appeals from an order of the United States District Court for the Western District of New York (John T. Elfvin, *Judge*) that denied in part and granted in part Grisanti's motion to dismiss his indictment on the grounds of double jeopardy. The issue on appeal is whether the Double Jeopardy Clause prevents the government from prosecuting a defendant for obstruction of justice where the same conduct was previously used to enhance the defendant's sentence for a separate criminal offense under U.S.S.G. § 3C1.1. We conclude that it does not.

We affirm in part and vacate and remand for sentencing in part.

## I. BACKGROUND

On October 3, 1991, a grand jury returned two indictments against Grisanti, charging him with several counts of bank fraud in violation of 18 U.S.C. § 1014, conspiracy to commit bank fraud in violation of 18 U.S.C. § 371, and illegal racketeering in violation of 18 U.S.C. § 1962(c)-(d) (the "bank fraud indictments"). On October 10, 1991, Grisanti was arraigned and released on a $10,000 personal recognizance bond subject to several conditions of release. One of these conditions barred Grisanti from contacting any potential witness (defined as anyone named in the indictments). And another required that Grisanti report any such contact within twenty-four hours to the probation office.

On November 5, 1991, the government filed a motion to revoke Grisanti's pretrial release on the basis that Grisanti contacted a witness and failed to promptly report it. At the hearing on the motion, the government presented evidence that on November 1, 1991, Grisanti met with David Petri, a witness named in the indictments, and tried to persuade Petri to give testimony at trial that differed from his grand jury testimony. Four days later, in anticipation of a bail revocation hearing, Grisanti called Petri at Petri's office to persuade Petri to give false testimony regarding the substance of their November 1 conversation.

At the hearing's close, the magistrate judge revoked Grisanti's bail, finding by clear and convincing evidence that Grisanti violated the conditions of his release by contacting Petri and by failing to promptly report this contact to pretrial services. The district

* The Honorable Denny Chin of the United States District Court for the Southern District of New York, sitting by designation.

court affirmed the magistrate judge's order, and Grisanti was remanded to custody.

On June 4, 1992, a grand jury returned a five count indictment (the "obstruction of justice indictment") arising from Grisanti's misconduct in contacting Petri. Count One charged that Grisanti had unlawfully and knowingly contacted Petri in violation of 18 U.S.C. § 401(3). Count Two charged that Grisanti failed to report his contacts with Petri in violation of 18 U.S.C. § 401(3). Count Three charged that Grisanti attempted to persuade Petri "to give testimony ... that differed from the testimony that Petri had given to the grand jury" in violation of 18 U.S.C. § 1512(b). Count Four charged that Grisanti made false statements to a probation officer in violation of 18 U.S.C. § 1001. Count Five charged that Grisanti attempted to influence Petri's testimony "in any proceedings that might be brought ... to revoke [Grisanti's] release for violating" the conditions of his bail in violation of 18 U.S.C. § 1512(b).

On July 27, 1992, trial on the obstruction of justice indictment commenced before Judge Elfvin, and two days later, the jury found Grisanti guilty on Counts One and Two, but was unable to reach a verdict on Counts Three and Five. Count Four was dismissed at the close of the government's case and is not at issue on this appeal.

On July 30, 1992, the district court declared a mistrial on Counts Three and Five and scheduled a hearing to set a date for retrial. Prior to retrial, however, Grisanti moved to dismiss Counts Three and Five, arguing that the earlier termination of his pretrial release based on the conduct charged in Counts Three and Five amounted to punishment for his obstruction conduct, and thus prosecution on those counts was barred by the Double Jeopardy Clause. The district court granted the motion and, on appeal, we reversed, holding that because "the bail revocation hearing was not 'essentially criminal,' and the pretrial detention was not punishment, Grisanti ha[d] not twice been put in jeopardy." *United States v. Grisanti,* 4 F.3d 173, 175 (2d Cir.1993).

Meanwhile, a jury trial commenced on the bank fraud indictments before Judge Arcara, and on September 3, 1993, Grisanti was convicted of eight counts of making false statements on loan applications and acquitted on the remaining counts. On February 11, 1994, Judge Arcara sentenced Grisanti to twenty-four months of imprisonment and one year of supervised release for his bank fraud offenses. In sentencing Grisanti, Judge Arcara enhanced Grisanti's bank fraud offense level by two pursuant to U.S.S.G. § 3C1.1 for obstruction of justice based on Grisanti's "attempt[ ] to unlawfully influence Mr. Petri with respect to Mr. Petri's testimony." Judge Arcara noted that:

> the conduct that forms the basis for the obstruction of justice enhancement is also the basis for a separate indictment[, the obstruction of justice indictment,] ... in which the defendant was charged with two counts of criminal contempt, two counts of witness tampering and one count of making a false statement to a defendant's pretrial officer....

> The Court mentions this because, to the extent the two-level obstruction enhancement in this case is based on the same conduct that forms the basis for the [obstruction of justice] indictment before Judge Elfvin, double jeopardy concerns are implicated.... To the extent that the grounds for the enhancement overlap the charges in [the obstruction of justice indictment] that can and should be factored into defendant's sentence on the charges before Judge Elfvin.

On April 12, 1994, retrial commenced on Counts Three and Five of the obstruction of justice indictment, and the following day, the jury convicted Grisanti on Count Five, but acquitted him on Count Three. On April 15, 1996, in response to a motion to dismiss Counts One, Two, and Five by Grisanti, Judge Elfvin issued an order dismissing Counts One and Two on double jeopardy grounds. Judge Elfvin did not dismiss Count Five. On May 20, 1996, Judge Elfvin sentenced Grisanti on Count Five to eight months of imprisonment to be followed by a twenty-four month term of supervised released.

On appeal, Grisanti claims that the district court erred in refusing to dismiss Count Five on double jeopardy grounds. The government cross-appeals, arguing that the dismissal of Counts One and Two on double jeopardy grounds was error.

## II. DISCUSSION

The Double Jeopardy Clause provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Clause protects against multiple prosecutions and multiple punishments for the same offense. *United States v. Dixon,* 509 U.S. 688, 696, 113 S.Ct. 2849, 2855–56, 125 L.Ed.2d 556 (1993); *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). On appeal, Grisanti argues that the Clause bars his prosecution for obstruction of justice because the same conduct was used by Judge Arcara to enhance his sentence for the bank fraud conviction. We disagree.

The Supreme Court recently addressed the limits which the Double Jeopardy Clause places on prosecutions for conduct that forms the basis for a sentencing enhancement in a separate criminal prosecution. *See Witte v. United States,* 515 U.S. 389, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995). In *Witte,* the defendant was indicted for and pleaded guilty to marijuana dealing (the "marijuana conspiracy"). The sentencing court used evidence of the defendant's involvement in a prior conspiracy to import marijuana and cocaine (the "cocaine conspiracy") as "relevant conduct" under U.S.S.G. § 1B1.3 to enhance the sentence for the marijuana conspiracy. *Witte,* 515 U.S. at 392–94, 115 S.Ct. at 2203. The resulting sentencing range was higher than it would have been had the sentencing court restricted its inquiry to the amount of narcotics involved in the defendant's conviction for the marijuana conspiracy, but remained below the maximum sentence authorized by statute for the marijuana conspiracy.

Subsequently, the government commenced a prosecution against the defendant for the cocaine conspiracy based on the same conduct used to enhance the defendant's sentence for the marijuana conspiracy under U.S.S.G. § 1B1.3. The defendant attacked this prosecution on double jeopardy grounds, arguing that his sentence for the marijuana conspiracy included punishment for the cocaine conspiracy, in the form of a related conduct sentencing enhancement, and therefore this second prosecution was barred. The Court disagreed and held that "where the legislature has authorized ... a particular punishment range for a given crime, the resulting sentence *within that range* constitutes punishment only for the offense of conviction for purposes of the double jeopardy inquiry." *Witte,* 515 U.S. at 403–04, 115 S.Ct. at 2208 (emphasis added). Because the uncharged conduct served merely to inform the sentencing court's decision on an appropriate individualized sentence for the charged conduct, the Court reasoned that the use of the uncharged relevant conduct to enhance the sentence for the charged crime did not amount to punishment for the uncharged conduct so long as the resulting sentence was within the range authorized for the charged conduct. Therefore, *Witte's* prosecution for the cocaine conspiracy was not a second attempt to punish the defendant for the same crime and, thus, not barred by double jeopardy principles. *Id.*

*Witte* controls the present case. Because Grisanti's bank fraud sentence, after the enhancement for his obstruction of justice conduct, was within the statutory allowable range for the bank fraud offenses, double jeopardy principles neither bar prosecution nor punishment for the conduct giving rise to the obstruction of justice indictment, even though that same conduct was used to enhance Grisanti's sentence for bank fraud.

In 1989, bank fraud carried with it a maximum sentence of two years of imprisonment. 18 U.S.C. § 1014 (1988), *amended by* 18 U.S.C. § 1014 (1994). Because Grisanti was convicted of eight violations of 18 U.S.C. § 1014, Grisanti faced a maximum sentence of sixteen years of imprisonment. Even with the two-level enhancement for obstruction of justice, Grisanti's sentence of twenty-four months of imprisonment is well within the allowable range. Therefore, although Judge Arcara considered Grisanti's obstruction of justice conduct and enhanced his sentence accordingly, Grisanti was not punished for

the obstruction conduct and thus, the present prosecution and punishment are not barred by double jeopardy.

Our holding follows the interpretation given to *Witte* in other circuits in similar circumstances. *See United States v. Jernigan*, 60 F.3d 562, 564–65 (9th Cir.) (double jeopardy does not bar prosecution of obstruction of justice despite prior sentence enhancement for same conduct), *cert. denied,* —— U.S. ——, 116 S.Ct. 398, 133 L.Ed.2d 318 (1995); *see also United States v. Hawley*, 93 F.3d 682, 688 (10th Cir.1996) (two-level enhancement for failure to appear is not punishment for purposes of double jeopardy); *United States v. Ross*, 77 F.3d 1525, 1550 (7th Cir. 1996) ("[T]he obstruction increase is properly considered under the Double Jeopardy Clause to be punishment for the guidelines offenses only and not for the actual obstructive criminal conduct."); *United States v. Edwards*, 77 F.3d 968, 978 (7th Cir.) (prior prosecution for assaulting federal officer does not bar two-level enhancement for obstruction of justice in underlying offense), *rev'd on other grounds,* —— U.S. ——, 116 S.Ct. 2543, 135 L.Ed.2d 1064 (1996); *United States v. Bellrichard*, 62 F.3d 1046, 1051–52 (8th Cir. 1995) (prior enhancement for obstruction of justice does not bar subsequent prosecution for obstruction conduct), *cert. denied,* —— U.S. ——, 116 S.Ct. 1425, 134 L.Ed.2d 549 (1996); *United States v. Birbal*, 62 F.3d 456, 465 (2d Cir.1995) (double jeopardy is not implicated by indictment on conduct previously used to enhance sentence on another crime).

### CONCLUSION

For the foregoing reasons, we affirm so much of the district court's order that refused to dismiss Count Five of the obstruction of justice indictment, and vacate and remand for sentencing on Counts One and Two consistent with this opinion.