RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0309P (6th Cir.)
File Name: 00a0309p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

  *v.*                                       No. 99-5626

JERRY LEE MANEY,
  *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Kentucky at Bowling Green.
No. 98-00016—Thomas B. Russell, District Judge.

Submitted: July 6, 2000

Decided and Filed: September 11, 2000

Before: GUY and MOORE, Circuit Judges; DOWD,[*]
District Judge.

———————————

## COUNSEL

**ON BRIEF:** Scott T. Wendelsdorf, WESTERN
KENTUCKY FEDERALS OFFICE, FEDERAL
COMMUNITY DEFENDER, INC., Louisville, Kentucky, for

———————————————

[*]The Honorable David D. Dowd, Jr., United States District Judge for
the Northern District of Ohio, sitting by designation.

1

Appellant.     Larry  E.  Fentress,  Terry  M.  Cushing,
ASSISTANT UNITED STATES ATTORNEYS, Louisville,
Kentucky, for Appellee.

————————

**OPINION**

————————

KAREN  NELSON  MOORE,  Circuit  Judge.    Jerry  Lee
Maney  was  convicted  of  attempt  to  escape  from  federal
custody and forcible assault by use of a dangerous weapon.
On appeal, he argues (1) that the Indictment failed to allege
the essential elements of the escape count, and (2) that the
district court abused its discretion in not imposing Maney's
sentence of imprisonment to run partially concurrently with
his  undischarged  term  of  imprisonment  for  his  previous
convictions for bank robbery and being a felon in possession
of  a  firearm  when  the  district  court,  in  calculating  that
sentence,  had  imposed  a  two-level  enhancement  for
obstruction of justice and had denied a three-level reduction
for acceptance of responsibility based on his same conduct in
the instant escape offense.   Based on the following reasons,
we **AFFIRM** the district court's judgment.

### I.  FACTS AND PROCEDURE

On June 16, 1997, Jerry Lee Maney pleaded guilty to four
counts of bank robbery in violation of 18 U.S.C. § 2113(a)
and to one count of being a felon in possession of a firearm in
violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) in the U.S.
District Court for the Middle District of Tennessee.   Under
the plea agreement, the government stated that it could file a
motion  under  U.S.S.G.  §  5K1.1  requesting  a  downward
departure if Maney provided substantial assistance in the
investigation  or  prosecution  of  other  individuals  who  have
committed federal crimes.   Maney was already in custody at
this time.   He was arrested in connection with these offenses
on March 17, 1997, and was ordered into the custody of the
U.S. Marshals Service pending trial after waiving his right to
a detention hearing on March 21, 1997.  On July 28, 1997, the

possession of a firearm. As discussed above, the district court correctly considered the factors set out in 18 U.S.C. § 3553(a) and in the Sentencing Guidelines in making this determination. In addition, although the district court did not expressly make this finding in its oral ruling, we note that in sentencing Maney for his convictions for bank robbery and being a felon in possession of a firearm, the U.S. District Court for the Middle District of Tennessee sentenced Maney to a term of imprisonment, 240 months, that falls within the range of imprisonment of 210 to 260 months that would have been applicable if Maney's escape attempts had not been considered and Maney had received the three-level reduction for acceptance of responsibility and had not received the two-level enhancement for obstruction of justice. Because consideration of Maney's conduct in the instant escape offense did not, in fact, result in a sentence outside the range that would have been applicable had the U.S. District Court for the Middle District of Tennessee not considered the conduct, it was appropriate for the U.S. District Court for the Western District of Kentucky in the instant case to impose a consecutive sentence for Maney's escape conviction. Accordingly, we conclude that the district court did not abuse its discretion in imposing a consecutive sentence to Maney's undischarged sentence for his convictions for bank robbery and being a felon in possession of a firearm.

### III. CONCLUSION

Based on the foregoing, we **AFFIRM** the district court's judgment.

U.S. Marshals Service transferred Maney to the Warren County Regional Jail in the Western District of Kentucky.

On October 23, 1997, Maney attempted to escape from the Warren County Regional Jail. Maney grabbed Deputy Jailer Cathy Jo Flora, put a razor blade to her throat, and threatened to slit her throat if he was not allowed access to the main control room, where the doors to the jail were controlled. Flora told Maney that she was about to faint, and as she fell down, Maney lost his balance and was subdued by other guards. Flora sustained cuts and bruises to her throat and has suffered from emotional problems as a result of the incident.

On December 18, 1997, Maney was sentenced to 240 months of imprisonment by the U.S. District Court for the Middle District of Tennessee for his convictions for bank robbery and being a felon in possession of a firearm. In calculating that sentence, the district court applied a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1 based on three separate escape attempts by Maney. In addition to the October 23, 1997 escape attempt described above, Maney attempted to escape from the custody of Davidson County correctional personnel on March 25, 1997, and then attempted to escape from the Warren County Regional Jail on October 3, 1997. Accordingly, the district court also denied Maney's request for a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, which the government had not opposed.

On June 3, 1998, an indictment was issued in the U.S. District Court for the Western District of Kentucky charging Maney with attempt to escape from federal custody in violation of 18 U.S.C. § 751(a) in Count One and with forcible assault by use of a dangerous weapon on a person assisting a federal officer in the performance of official duties in violation of 18 U.S.C. § 111(a) and (b) in Count Two, in connection with his actions at the Warren County Regional Jail on October 23, 1997. The case proceeded to trial on November 17, 1998. After the government's opening statement, Maney moved to dismiss Count One of the

Indictment on the grounds that it failed to state an offense against the United States because it omitted a necessary element of the offense. The court denied Maney's motion. Maney renewed this objection in motions for a judgment of acquittal, which also were denied. The jury found Maney guilty of both Counts One and Two of the Indictment.

On April 20, 1999, the district court held a sentencing hearing. Maney filed a motion requesting the court pursuant to U.S.S.G. § 5G1.3 to run his sentence concurrently or partially concurrently with his undischarged term of imprisonment for his convictions for bank robbery and being a felon in possession of a firearm because the U.S. District Court for the Middle District of Tennessee already had increased his sentence for those convictions by applying the obstruction of justice enhancement and denying the acceptance of responsibility reduction based on his escape attempts. The district court rejected this argument and sentenced Maney to a term of 150 months of imprisonment to be served consecutive to his undischarged term of imprisonment for his convictions for bank robbery and being a felon in possession of a firearm.

## II. ANALYSIS

### A. Sufficiency of the Indictment

Under the Notice Clause of the Sixth Amendment, a criminal defendant has the right "to be informed of the nature and cause of the accusation" against him. U.S. CONST. amend VI. In addition, the Indictment Clause of the Fifth Amendment requires that a defendant be charged with only those charges brought before the grand jury. U.S. CONST. amend. V. The Supreme Court has instructed that an indictment satisfies these constitutional requirements "if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *see Russell v. United States*, 369 U.S. 749, 763-64 (1962); *United*

violate principles of double jeopardy when it imposed a consecutive sentence for his conviction for failure to appear where this conduct was used to enhance his sentence for obstruction of justice under U.S.S.G. § 3C1.1 with respect to a separate counterfeiting and conspiracy conviction), *cert. denied*, 516 U.S. 952 (1995).

In this case, in sentencing Maney for his convictions for bank robbery and being a felon in possession of a firearm, the U.S. District Court for the Middle District of Tennessee considered Maney's uncharged attempts to escape from custody when it applied a two-level enhancement for obstruction of justice and denied Maney's request for a three-level reduction for acceptance of responsibility. Although this resulted in a higher guideline range than if this conduct had not been considered, the district court only sentenced Maney to the statutory maximum allowed for his convictions. Therefore, in accordance with the Supreme Court's opinion in *Witte*, we hold that the U.S. District Court for the Middle District of Tennessee did not punish Maney for his escape attempts in considering this conduct in sentencing him for his convictions for bank robbery and being a felon in possession of a firearm. Because Maney was not punished for his escape attempt in that sentence, he subsequently could be convicted and sentenced for this conduct without raising any issue of double punishment or offending principles of double jeopardy.

Although the U.S. District Court for the Western District of Kentucky was not faced with a double jeopardy problem in this case, we note that it still had to consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether to impose a concurrent or consecutive term of imprisonment on Maney. It may be appropriate in some cases, considering the relevant factors, to impose a concurrent sentence for an offense involving conduct that served as a sentence enhancement for a separate conviction and sentence. In this case, however, the district court chose to run Maney's sentence for his escape conviction consecutive to Maney's undischarged sentence for his convictions for bank robbery and being a felon in

The Court held that "where the legislature has authorized . . . a particular punishment range for a given crime, the resulting sentence within that range constitutes punishment only for the offense of conviction for purposes of the double jeopardy inquiry."   *Id.* at 403-04.   Because the district court's consideration of the defendant's conduct in distributing cocaine was used to enhance his sentence within the range authorized for the marijuana charge, it did not constitute punishment for the cocaine offenses.   Therefore, the government's subsequent prosecution and punishment of the defendant for the cocaine offenses was not barred by principles of double jeopardy.  *See id.*

Several other courts of appeals have applied the Supreme Court's holding in *Witte* in cases in which a defendant received a sentence enhancement for obstruction of justice under U.S.S.G. § 3C1.1 and then later was prosecuted, convicted, and/or sentenced for the obstructive conduct.  *See United States v. Rohde*, 159 F.3d 1298, 1304 (10th Cir. 1998) (holding that a district court's two-level enhancement of a defendant's sentence under U.S.S.G. § 3C1.1 for perjury did not constitute punishment for that conduct to bar subsequent prosecution for perjury); *United States v. Grisanti*, 116 F.3d 984, 987-88 (2d Cir. 1997) (concluding that the enhancement of defendant's sentence for obstruction of justice under U.S.S.G. § 3C1.1 was not punishment for the obstruction conduct and therefore prosecution and punishment for that conduct is not barred by double jeopardy); *United States v. Ross*, 77 F.3d 1525, 1550 (7th Cir. 1996) (holding that the obstruction of justice enhancement does not constitute punishment of the obstructive conduct to bar charging and punishing a defendant for the obstructive conduct in a subsequent action); *United States v. Bellrichard*, 62 F.3d 1046, 1051-52 (8th Cir. 1995) (holding that the district court was not barred from sentencing defendant for committing offenses when the underlying conduct was the basis for an obstruction of justice enhancement under U.S.S.G. § 3C1.1 in the sentencing for a previous conviction), *cert. denied*, 517 U.S. 1137 (1996); *United States v. Jernigan*, 60 F.3d 562, 564-65 (9th Cir.) (concluding that the district court did not

*States v. Sturman*, 951 F.2d 1466, 1478-79 (6th Cir. 1991), *cert. denied*, 504 U.S. 985 (1992).  We have stated that "[t]o be legally sufficient, the indictment must assert facts which in law constitute an offense; and which, if proved, would establish prima facie the defendant's commission of that crime."  *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 177 (6th Cir. 1992).  "Courts utilize a common sense construction in determining whether an indictment sufficiently informs a defendant of an offense."  *Allen v. United States*, 867 F.2d 969, 971 (6th Cir. 1989).  We review de novo a district court's determination that an indictment adequately alleges the elements of the offense charged.  *See Superior Growers Supply*, 982 F.2d at 177.

In order to state a felony escape charge under 18 U.S.C. § 751(a),[1] an indictment must allege the following elements: (1) that the defendant escaped or attempted to escape; (2) from the custody of the Attorney General or his or her appointed agent, from a facility or institution where the defendant was confined at the direction of the Attorney General, from custody by virtue of any process issued under the laws of the United States by any court, judge, or commissioner, or from the custody of an officer or employee of the United States pursuant to lawful arrest; and (3) that custody was based on an arrest on a felony charge or conviction of any offense.  *See United States v. Vanover*, 888 F.2d 1117, 1121 (6th Cir. 1989), *cert. denied*, 495 U.S. 934 (1990).

---

[1]18 U.S.C. § 751(a) provides in relevant part:
Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or commissioner, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined under this title or imprisoned not more than five years, or both.

Count One of the Indictment charges Maney as follows:

On or about the 23rd day of October, 1997, in the Western District of Kentucky, Warren County, Kentucky, JERRY LEE MANEY, defendant herein, did attempt to escape from the Warren County Regional Jail, a facility in which he was being held in custody pursuant to the laws of the United States while awaiting sentencing on federal felony charges. In violation of Title 18, United States Code, Section 751(a).

J.A. at 8 (Indictment).

Maney asserts that the Indictment does not set forth facts sufficient to establish the second element of custody. The government responds that the Indictment's statement that Maney "was being held in custody pursuant to the laws of the United States while awaiting sentencing on federal felony charges" alleges that he was in custody "by virtue of any process issued under the laws of the United States by any court, judge, or commissioner" to establish custody under 18 U.S.C. § 751(a). We agree with the government that the Indictment's allegation is sufficient to establish the element of federal custody for a violation of § 751(a).

At the time of Maney's attempted escape, he had pleaded guilty to charges of bank robbery and being a felon in possession of a firearm and was being detained pending sentencing pursuant to 18 U.S.C. § 3141(b), which provides that "[a] judicial officer of a court of original jurisdiction over an offense . . . shall order that, pending imposition or execution of sentence . . . a person be released or detained under this chapter," and under 18 U.S.C. § 3143(a), which requires that a person who has been found guilty of an offense be detained pending the execution or imposition of sentence unless the court finds by clear and convincing evidence that the person is not likely to flee or to pose a danger to the safety of the community. In charging Maney with violating 18 U.S.C. § 751(a), the Indictment could have used the precise language of the statute by stating that Maney was detained in federal custody by virtue of process issued under 18 U.S.C.

In support of this argument, Maney points to U.S.S.G. § 5G1.3(b), which requires a district court to impose a sentence concurrently with an undischarged term of imprisonment that resulted from offenses that have been fully taken into account in the determination of the offense level for the instant offense. Maney concedes that his situation does not fall under this provision, but he asserts that it shows that the Sentencing Guidelines do not support double punishment for the same conduct, and therefore "a reasonable punishment" under U.S.S.G. § 5G1.3(c) for his attempted escape and assault convictions would be to run 30 months of his term of imprisonment concurrently with his undischarged sentence.

The Supreme Court addressed Maney's argument in *Witte v. United States*, 515 U.S. 389 (1995), in which a defendant claimed that under the Double Jeopardy Clause of the Fifth Amendment he could not be convicted and sentenced for a crime when the conduct underlying that offense was taken into account in determining his sentence for a separate, previous conviction. The defendant in that case pleaded guilty to a marijuana charge, and at sentencing the district court considered the defendant's uncharged conduct in distributing cocaine as relevant conduct under U.S.S.G. § 1B1.3 to enhance his sentence on the marijuana charge. *See id.* at 393-94. The government subsequently prosecuted the defendant for the cocaine violations. The defendant challenged this prosecution on double jeopardy grounds, asserting that he already had been punished for this conduct when his sentence for his marijuana conviction was enhanced based on this same conduct. *See id.* at 394-95.

The Supreme Court noted that the Double Jeopardy Clause "serves the function of preventing both successive punishment and successive prosecution" and "prohibits merely punishing twice, or *attempting a second time to punish criminally*, for the same offense." *Id.* at 395-96 (quotations omitted). The Court then determined that the fact that certain conduct was considered in calculating a defendant's sentence does not necessarily constitute punishment for such conduct.

of a firearm. The district court first determined that Maney had not already been punished for his conduct in the instant escape offense in his undischarged sentence. The court then reasoned that Maney's escape offense was serious, involved a deadly weapon, and resulted in obvious physical and emotional injuries to innocent victim Deputy Jailer Flora, who was simply doing her job and had treated Maney well during his incarceration. The court also considered Maney's other escape attempts, the need for deterrence, and the need to protect the public in deciding to run Maney's sentence consecutive to the undischarged term for his convictions for bank robbery and being a felon in possession of a firearm.

Maney, however, claims that the district court should have imposed his sentence to run partially concurrently with his undischarged sentence because his conduct in the instant offense, attempted escape, already was considered in his undischarged sentence for his convictions for bank robbery and being a felon in possession of a firearm. In sentencing Maney for those convictions, the U.S. District Court for the Middle District of Tennessee applied a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1 and denied Maney's request for a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, even though the government did not oppose it, based on his three separate escape attempts. This resulted in an offense level of 35 and a guideline range of 292 to 365 months. The district court sentenced Maney to the statutory maximum of 240 months for his convictions for bank robbery and being a felon in possession of a firearm. If the district court had not considered his escape attempts, Maney claims he would have had an offense level of 32 and a guideline range of 210 to 262 months. Maney argues that his sentence for these convictions was increased by 30 months for his conduct in the instant offense. To avoid double punishment of this conduct, Maney asserts that the district court in this case should have run 30 months of his sentence of imprisonment for the instant offense concurrently with his undischarged sentence for his convictions for bank robbery and being a felon in possession of a firearm.

§§ 3141(b) and 3143(a) by the district court. However, we must use a common sense approach to reviewing the sufficiency of the Indictment. The Indictment tracks closely the language of § 751(a) by stating that Maney was in custody pursuant to the laws of the United States while awaiting sentencing on federal felony charges. This statement adequately informed Maney that the government alleged he was in federal custody at the time of his attempted escape because he was ordered detained pending sentencing on his federal felony charges. Maney thus had notice of the government's basis for establishing that he was in federal custody under 18 U.S.C. § 751(a), and he could prepare his defense accordingly.

We hold that the Indictment fully and clearly sets forth all of the elements of escape from federal custody under § 751(a). It alleges that (1) Maney attempted to escape, (2) from federal custody based on his detention pending sentencing, and (3) such custody was based on federal felony charges against Maney. The Indictment provides facts for each required element and includes specific facts, such as the date and place of the attempted escape and that he was in custody pursuant to federal law while awaiting sentencing on federal felony charges, so that Maney was informed of the specific escape charge brought against him and the government's basis for bringing such a charge against him. These allegations are sufficient to establish, if proven true, that Maney violated § 751(a). In addition, the Indictment sets forth sufficiently specific facts so that Maney could plead a former conviction in the event future prosecutions for the same offense ever were brought against him. Therefore, we conclude that Count One of the Indictment adequately charged Maney with escape from federal custody in violation of 18 U.S.C. § 751(a).

**B. Imposition of Consecutive Sentence/Double Punishment**

Maney also challenges the district court's decision to run his sentence of imprisonment consecutive to, rather than

concurrent with, his sentence of imprisonment for his convictions for bank robbery and being a felon in possession of a firearm. A district court has discretion to impose a concurrent or consecutive term of imprisonment on a defendant who is already subject to an undischarged term of imprisonment. 18 U.S.C. § 3584(a); *United States v. Covert*, 117 F.3d 940, 945 (6th Cir.), *cert. denied*, 522 U.S. 880 (1997). In making this determination, a district court must consider the factors set forth in 18 U.S.C. § 3553(a)[2] and any applicable guidelines or policy statements issued by the Sentencing Commission. *See Covert*, 117 F.3d at 945; 18 U.S.C. § 3584(b); U.S.S.G. § 5G1.3. commentary, background.

The Sentencing Guidelines provide in relevant part that:

---

[2] 18 U.S.C. § 3553(a) includes the following factors:
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed –
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for –
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced . . .
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2) that is in effect on the date the defendant is sentenced;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

---

(b) If . . . the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

(c) (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3.

Commentary to this provision states that in order to achieve a "reasonable punishment" a district court should consider the factors set forth in 18 U.S.C. § 3553(a) and be aware of:

(a) the type (*e.g.*, determinate, indeterminate/parolable) and length of the prior undischarged sentence;
(b) the time served on the undischarged sentence and the time likely to be served before release;
(c) the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and
(d) any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

U.S.S.G. § 5G1.3 commentary, applic. note 3.

We review a district court's decision to impose a concurrent or consecutive sentence for abuse of discretion. *See Covert*, 117 F.3d at 945.

In this case, the district court properly considered the factors set forth in 18 U.S.C. § 3553(a) and in the commentary to U.S.S.G. § 5G1.3 in deciding to run Maney's sentence consecutive to his undischarged sentence for his convictions for bank robbery and being a felon in possession