**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ty Elmer ABBOTT, Defendant–
Appellant.**

**No. 99–6344.**

United States Court of Appeals,
Sixth Circuit.

Aug. 23, 2001.

---

\* The Honorable Myron H. Bright, Circuit Judge of the United States Court of Appeals

Before NORRIS, SILER, and BRIGHT,\* Circuit Judges.

PER CURIAM.

Defendant Ty Elmer Abbott appeals the district court's imposition of a five–year sentence for receiving through the United States mail a visual depiction of a child engaging in sexual activity in violation of 18 U.S.C. § 2252(a)(2). The federal sentence was imposed consecutively to an eight–year state sentence. We affirm.

for the Eighth Circuit, sitting by designation.

## I. BACKGROUND

Abbott committed the federal offense on September 22, 1998, while on probation for a state rape offense. After committing the federal offense, Abbott's probation was revoked and he was ordered to serve his original eight–year suspended sentence for rape. Abbott pleaded guilty to the federal offense.

Abbott's sentencing guideline range was 27 to 33 months, which was rendered inapplicable by the five-year mandatory minimum term of imprisonment in 18 U.S.C. § 2252(b)(1). USSG § 5G1.3 provided that the federal sentence should be imposed consecutively to the state sentence because Abbott was on probation at the time of the federal offense and the probation had been revoked. Abbott objected to a consecutive sentence, arguing that because Application Note 6 to USSG § 5G1.3 provides that the sentence "should" run consecutively, such a sentence was not mandatory. The district court rejected Abbott's argument, holding that the sentence should run consecutively "because of the facts of the case," regardless of whether the guidelines mandated a consecutive sentence.

## II. STANDARD OF REVIEW

A district court's decision to impose a consecutive or concurrent sentence by application of USSG § 5G1.3 is reviewed for an abuse of discretion under *United States v. Covert*, 117 F.3d 940, 945 (6th Cir.1997). The district court imposed a consecutive sentence pursuant to its discretion, but its application of USSG § 5G1.3(b) to this case is a question of law, which is reviewed *de novo*. *See United States v. Carroll*, 893 F.2d 1502, 1508 (6th Cir.1990).

## III. DISCUSSION

Abbott argues that the district court erred by determining that USSG § 5G1.3(b) was inapplicable under the facts of his case. USSG § 5G1.3 provides:

(a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

(b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

(c) (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

Abbott contends that subsection (b) is applicable to this case because the undischarged term of imprisonment (the eight-year suspended state rape sentence) resulted from an offense that was fully taken into account in determining the mandatory minimum sentence he received under 18 U.S.C. § 2252(b)(1). Section 2252(a) provides the elements of the offense to which Abbott pleaded guilty, while 18 U.S.C. § 2252(b)(1) provides, in relevant part:

(b)(1) Whoever violates, or attempts or conspires to violate, paragraphs (1), (2), or (3) of subsection (a) shall be fined under this title or imprisoned not more than 15 years, or both, but if such person has a prior conviction ... under the laws of any State relating to ... abusive

sexual conduct involving a minor or ward, ... such person shall be fined under this title and imprisoned for not less than 5 years nor more than 30 years.

*Id.* (footnote omitted).

Abbott argues that because the mandatory minimum sentence of five years under subsection (b)(1) is imposed on account of his state rape conviction involving a minor, the undischarged eight–year state sentence resulted from an offense taken into account in determining the offense level for the federal offense. Thus, he contends, the lower end of the guideline range of confinement applicable under the Sentencing Guidelines but for the statutory mandatory minimum, or 27 months, should be served concurrently with his eight-year state sentence pursuant to USSG § 5G1.3 (b).

"Offense level" is a term of art under the Sentencing Guidelines that becomes irrelevant if a statutory mandatory minimum sentence is greater than the maximum guideline range. In *United States v. Gondek*, 65 F.3d 1, 4 (1st Cir.1995), the court discussed the application of USSG § 5G1.3(b) as follows:

> The critical phase – "fully taken into account" [in USSG § 5G1 .3(b) ] – refers to a case in which the prior criminal conduct is also offense conduct in the present case; examples, indicated by the commentary, would be state and federal prosecutions for the same conduct or a federal prosecution that treated the state offense as relevant conduct in determining the federal offense level. U.S.S.G. § 5G1.3, comment. (n. 2). The prior felony conviction that makes it unlawful to carry a firearm is not "taken into account" in this manner in the federal sentencing, and the rationale of subsection (b) does not apply.

*Id.* As in *Gondek*, the prior criminal conduct is not offense conduct in the present case. The "offense level" language of USSG § 5G1.3(b) and the explanation in note 2 recognized by the *Gondek* court contradict Abbott's contention that a portion of his sentence should run concurrently with his state conviction. Thus, this argument is without merit.

Abbott also argues that the district court abused its discretion by imposing a consecutive federal sentence because USSG § 5G1.3(c) recommends consecutive sentences "in order to provide an incremental penalty for the violation of probation." USSG § 5G1.3(c) comment. (n.6). However,

> A district court has discretion to impose a concurrent or consecutive term of imprisonment on a defendant who is already subject to an undischarged term of imprisonment. In making this determination, a district court must consider the factors set forth in 18 U.S.C. § 3553(a) and any applicable guidelines or policy statements issued by the Sentencing Commission.

*United States v. Maney*, 226 F.3d 660, 665 (6th Cir.2000) (citing 18 U.S.C. § 3584(a) and (b); *United States v. Covert*, 117 F.3d 940, 945 (6th Cir.), *cert. denied*, 522 U.S. 880, 118 S.Ct. 204, 139 L.Ed.2d 140 (1997); USSG § 5G1.3. commentary, background) (footnote omitted).

USSG § 5G1.3, Application Note 6 provides:

> Revocations. If the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense, and has had such probation, parole, or supervised release revoked, the sentence for the instant offense should be imposed to run consecutively to the term imposed for the violation of probation, parole, or supervised release in order to provide an incremental penalty for the violation of probation, parole, or supervised re-

lease. See § 7B1.3 (Revocation of Probation or Supervised Release) (setting forth a policy that any imprisonment penalty imposed for violating probation or supervised release should be consecutive to any sentence of imprisonment being served or subsequently imposed).

Putting aside the question of whether this commentary mandates the imposition of a consecutive sentence in this case, we cannot conclude that the district court abused its discretion in running the federal sentence consecutively in light of the commentary's direction that a consecutive sentence "should be imposed." *Id.* The district court did not run the sentences consecutively because it believed it was required to do so; rather, the district court based its conclusion on "the facts of the case."

AFFIRMED.