08-5446-cr
USA v. Willis

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of April, two thousand ten.

Present:
>       RALPH K. WINTER,
>       ROBERT A. KATZMANN,
>               *Circuit Judges*,
>       JED S. RAKOFF,
>               *District Judge*.[*]

_____

UNITED STATES OF AMERICA,

>       *Appellee*,

>       v.                                                          No. 08-5446-cr

REGINALD WILLIS,

>       *Defendant-Appellant*.

_____

---

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

For Appellee:                MONICA J. RICHARDS, Assistant United States Attorney, *for* Kathleen M. Mehltretter, United States Attorney for the Western District of New York, Buffalo, NY

For Defendant-Appellant:   ROBERT W. WOOD, Rochester, NY

Appeal from the United States District Court for the Western District of New York (Larimer, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-appellant Reginald Willis appeals from a judgment of the United States District Court for the Western District of New York, entered November 6, 2008, sentencing him to 130 months in prison for several drug-related offenses. Willis argues that the court erred in applying a two-level enhancement for obstruction of justice pursuant to Section 3C1.1 of the United States Sentencing Guidelines. We assume the parties' familiarity with the underlying facts and procedural history of the case.

The obstruction of justice enhancement applies where a "defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. § 3C1.1. The enhancement can be applied, as it was here, due to perjury, *United States v. Dunnigan*, 507 U.S. 87, 93-94 (1993), as long as the district court finds that "the defendant 1) willfully 2) and materially 3) committed perjury, which is (a) the intentional (b) giving of false testimony (c) as to a material matter," *United States v. Zagari*, 111 F.3d 307, 329 (2d Cir. 1997). The perjury enhancement does not apply to false testimony that is a result of "confusion, mistake, or faulty

memory." U.S.S.G. § 3C1.1 cmt. n. 2; *see also Dunnigan*, 507 U.S. at 94; *United States v. Kerley*, 544 F.3d 172, 181 (2d Cir. 2008).

"It is well settled that upon review of a Guidelines sentence the interpretation of a sentencing guideline is a question of law, subject to *de novo* review, and that a sentencing judge's finding of fact may not be disturbed unless clearly erroneous." *United States v. Vasquez*, 389 F.3d 65, 68 (2d Cir. 2004) (citations omitted). Accordingly, "[w]e generally defer to a sentencing court's findings as to what a 'speaker meant by his words,' and how a listener would reasonably interpret those words." *United States v. Gaskin*, 364 F.3d 438, 466 (2d Cir. 2004), quoting *United Stated v. Shoulberg*, 895 F.2d 882, 884 (2d Cir. 1990). We review the reasonableness of a district court's sentencing determinations under a "deferential abuse-of-discretion standard," *Gall v. United States*, 552 U.S. 38, 41 (2007), considering both procedural and substantive reasonableness, *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc).

Willis alleges that the perjury enhancement imposed by the district court violates his Sixth Amendment right to a jury trial, U.S. Const. amend. VI, and the Fifth Amendment requirement that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a Grand Jury," U.S. Const. amend. V. In the wake of the Supreme Court's remedial decision in *United States v. Booker*, 543 U.S. 220 (2005), this Court determined that "the traditional authority of a sentencing judge to find all facts relevant to sentencing will encounter no Sixth Amendment objection," *United States v. Crosby*, 397 F.3d 103, 112 (2d Cir. 2005). Because Willis's conviction on Counts II and III of the indictment exposed him to a statutory maximum sentence of 40 years, 21 U.S.C. § 841(b)(1)(B), his actual sentence of 70 months as to those counts poses no Sixth Amendment difficulty. In addition, the Supreme Court

has determined that when a court enhances a sentence due to particular conduct but the sentence remains within the Guidelines range, the sentence is only for the underlying offense; a subsequent prosecution for the same enhancing conduct does not constitute double jeopardy under the Fifth Amendment. *See Witte v. United States*, 515 U.S. 389, 403-04 (1995); *United States v. Grisanti*, 116 F.3d 984, 987 (2d Cir. 1997). If the conduct supporting the enhancement is not an "offense" for double jeopardy purposes, it is also not a "crime" subject to the Fifth Amendment's presentment requirement.

Willis also argues that the district court erred in finding facts under a "clear and convincing" standard rather than "beyond a reasonable doubt." This Court has explicitly determined, however, that "[j]udicial authority to find facts relevant to sentencing by a preponderance of the evidence survives *Booker*." *United States v. Garcia*, 413 F.3d 201, 220 n.15 (2d Cir. 2005). This standard applies to obstruction of justice enhancements. *See United States v. Salim*, 549 F.3d 67, 75 (2d Cir. 2008).

Finally, we need not determine whether Willis is challenging the procedural or substantive reasonableness of his sentence, as either argument is unavailing. The district court specifically found that Willis committed perjury because he "gave false testimony under oath concerning a material matter with the willful intent to . . . obstruct justice." The court added that Willis's testimony "was crafted . . . with the objective to fool the jury, to get the jury to accept his version and not the Government's version and not the version supported by the evidence." In addition, the court specifically identified several statements it found to be misleading and cited evidence in the record indicating they were not truthful.

We have determined that when, as here, a district court finds that the defendant has clearly

lied, it "need do nothing more . . . than point to the obvious lie and find that the defendant knowingly made a false statement on a material matter." *United States v. Williams*, 79 F.3d 334, 337-38 (2d Cir. 1996). Willis contends that "years of drug addiction" could have affected his perception, memory, and sense of reality, suggesting that his false testimony was not willful but rather the "result of confusion, mistake, or faulty memory." The district court squarely rejected this possibility in its opinion, and this Court defers to a sentencing court's assessment of a defendant's testimony. *See Gaskin*, 364 F.3d at 466. As to substantive unreasonableness, we will overturn a district court's sentence only in "those few cases that . . . damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). Given the evident falsity of numerous statements Willis made at trial, the district court did not abuse its discretion in imposing the sentence enhancement.

We have considered all of Willis's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK