09-5271-cr
United States v. Alkhabbaz

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of March, two thousand eleven.

Present:
> JOHN M. WALKER, JR.,
> BARRINGTON D. PARKER,
> PETER W. HALL,
> > *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                    No. 09-5271-cr

ALBIR ALKHABBAZ,

> *Defendant-Appellant*.

---

FOR APPELLANT:          MICHAEL K. BACHRACH, Law Office of Michael K. Bachrach, New York, NY.

FOR APPELLEE:           RAHUL MUKHI, Assistant United States Attorney (Michael A. Levy, Assistant United States Attorney, *of counsel*), *for* Preet Bharara, United States Attorney, Southern District of New York.

---

Appeal from the United States District Court for the Southern District of New York (Preska, *C.J.*). **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Albir Alkhabbaz appeals from a judgment entered by the district court (Preska, *C.J.*) following remand, resentencing him in principal part to 108 months' imprisonment on his convictions for wire fraud, conspiracy to commit wire fraud, conspiracy to launder monetary instruments, and engaging in monetary transactions derived from specified unlawful activity. Alkhabbaz challenges the district court's decision not to credit him at resentencing with a three-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1 because he jumped bail after the district court imposed his original sentence. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Alkhabbaz first argues that because the Government did not file a notice of appeal from the district court's original sentence, in which the court did give him credit for acceptance of responsibility, the Government forfeited the argument on remand that he was ineligible for that downward adjustment under § 3E1.1. Alkhabbaz asserts the cross-appeal rule as the basis for this proposition. That rule is inapplicable to the circumstances in this case. Under the cross-appeal rule, "an appellate court may not alter a judgment to benefit a nonappealing party," and in a criminal case, this means that absent a Government cross-appeal, the appellate court may not increase a defendant's sentence "on [its] own initiative." *Greenlaw v. United States*, 554 U.S. 237, 244, 254 (2008). "The cross-appeal rule . . . does not confine the trial court," however; rather, "the default and forfeiture doctrines do." *Id.* at 254 n.8. Contrary to Alkhabbaz's argument, therefore, the cross-appeal rule has no bearing on whether the Government could

-2-

assert on remand that he was not eligible for the downward adjustment under § 3E1.1. The Government would only have been precluded from subsequently opposing the downward adjustment if it could have, but failed to, raise it during Alkhabbaz's original sentencing hearing or his initial appeal. Logic and the record demonstrate that any basis for the Government's objection to the application of § 3E1.1—namely, that Alkhabbaz's statements to the district court that he would voluntarily surrender were false—was a fact unknown to the Government until after the original sentencing proceedings were over. Because its argument concerning Alkhabbaz's acceptance of responsibility was based on intervening circumstances that occurred after the original sentencing, the Government cannot be found to have waived or forfeited a challenge to the application of § 3E1.1 at resentencing. *See United States v. Quintieri*, 306 F.3d 1217, 1229-30 (2d Cir. 2002) ("An issue is not considered waived . . . if a party did not, at the time of the purported waiver, have both an opportunity and an incentive to raise it before the sentencing court or on appeal.").

Alkhabbaz's second argument is equally without merit. He asserts that because he was prosecuted under a separate indictment for failing to surrender, the district court violated the Double Jeopardy Clause by withholding the three-level downward adjustment based on this same conduct. We have consistently refused to identify a double jeopardy violation where a defendant is prosecuted for a crime and that same crime is reflected in a sentencing enhancement for a separate offense. *See*, *e.g.*, *United States v. Gallego*, 191 F.3d 156, 169-70 (2d Cir. 1999) ("[T]he Government was not constitutionally prohibited from prosecuting Gallego for murder merely because that same crime was reflected in an upward departure in the sentence he received in connection with his robbery conviction."), *abrogated on other grounds by Crawford v.*

*Washington*, 541 U.S. 36, 64-65 (2004).  Indeed, in circumstances similar to Alkhabbaz's, we held in *United States v. Grisanti*, 116 F.3d 984, 987 (2d Cir. 1997), that the Double Jeopardy Clause did not bar prosecution of the defendant on an obstruction of justice charge where the defendant had previously received an obstruction of justice sentencing enhancement based on the same underlying conduct.  That Alkhabbaz was prosecuted separately for failing to surrender did not preclude the district court from relying on that same conduct to withhold the downward adjustment under § 3E1.1 for acceptance of responsibility.  *See United States v. Rosas*, 615 F.3d 1058, 1065 (9th Cir. 2010) (no double jeopardy violation where defendant was denied acceptance of responsibility in one case and separately prosecuted in another case for fleeing the country before sentencing).

The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK